UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:95-CR-11-1BR
No. 7:21-CV-132-BR

| | | |
|---|---|---|
| JOHNNY KINLAW LOCKLEAR, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion. (DE # 302.)

In 1995, petitioner was arrested on a criminal complaint charging him with being a felon in possession of a firearm. United States v. Locklear, No. 5:95-MJ-6 (E.D.N.C.). Later, the grand jury indicted him on various charges, including being a felon in possession of a firearm, resulting in the initiation of the underlying criminal case. Ultimately, petitioner pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute a controlled substance and using a firearm during and in relation to a drug trafficking crime. The court sentenced him to a total term of 660 months imprisonment and a total term of 60 months supervised release. The remaining charges against petitioner were dismissed. Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed the appeal. In 1998, on the government's motion, the court reduced petitioner's total term of imprisonment to 144 months.

In 2012, petitioner was charged by indictment, and pled guilty to, being a felon in possession of a firearm. United States v. Locklear, No. 7:12-CR-62-BO (E.D.N.C.). The court

sentenced him to 57 months imprisonment and 3 years supervised release. Id., ECF No. 71. Petitioner is no longer incarcerated or on supervised release.

In June 2021, petitioner filed the instant motion.[1] First, relying on the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he alleges that he was not a felon at the time he was arrested and charged in 1995. (See Mot., DE # 302, at 5-6.) According to petitioner, had he not been arrested on that charge, he "would not have been charged with any other crime." (Id. at 5.) Second, he claims trial counsel provided ineffective assistance in his 2012 case by failing to raise the Simmons issue. (Id. at 8.) He requests that the court vacate his convictions and sentence. (Id. at 6, 8, 16.) In response, the government argues that the court should construe petitioner's motion as a petition for a writ of error coram nobis and deny relief. (DE # 310, at 1.)

As an initial matter, the court agrees with the government that because petitioner is no longer in custody, habeas corpus relief under § 2255 is not the appropriate method for challenging his convictions and sentence. Rather, a petition of a writ of error coram nobis is. See United States v. Mandel, 862 F.2d 1067, 1072, 1074-75 (4th Cir. 1988) (recognizing that the court has the power to grant a writ of error coram nobis to vacate a conviction after the sentence has been served where the petitioners were convicted of conduct that case law subsequently determined was non-criminal).

> In order for a district court to reach an ultimate decision on coram nobis relief, a petitioner is obliged to satisfy four essential prerequisites. First, a more usual remedy (such as habeas corpus) must be unavailable; second, there must be a valid basis for the petitioner having not earlier attacked his convictions; third, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement; and, finally, the error that is shown must be "of the most fundamental character."

---

[1] Petitioner has also filed a § 2255 motion in his 2012 case. See Locklear, No. 7:12-CR-62-BO, ECF No. 90.

2

Bereano v. United States, 706 F.3d 568, 576 (4th Cir. 2013) (citation omitted).

Even construing petitioner's motion as one seeking coram nobis relief and considering petitioner's first claim, he cannot show an error of the most fundamental character. In fact, he cannot show any Simmons error occurred.

> Prior to *Simmons*, the individual defendant's actual criminal record at the time he was convicted for a prior North Carolina offense did not matter; if a hypothetical defendant charged with the same crime could have received more than one year in prison under North Carolina law, the crime was a felony in federal court. After *Simmons*, an individual is not prohibited from possessing a firearm unless he could have received a sentence of more than one year for at least one of his prior convictions.

Miller v. United States, 735 F.3d 141, 145 (4th Cir. 2013) (citation omitted).

Importantly here, petitioner was not convicted of being a felon in possession of a firearm, and neither of the offenses of which he was convicted was predicated on his being a felon. Furthermore, under Simmons, he *was* a felon at the time of his federal arrest in 1995. In 1990, petitioner was convicted in state court of sale and delivery of cocaine and sentenced to three years imprisonment. Locklear, No. 7:12-CR-62-BO, ECF No. 67, ¶ 13. (See also Mot., DE # 302, at 5 ("It is a fact that on 12 15 1989 I was charged with sale and delivery of cocaine to an undercover agent which was a felony. In which case I was sentence[d] to a three-year prison term . . . .").) That he was paroled after serving less than one year in custody, Locklear, No. 7:12-CR-62-BO, ECF No. 67, ¶ 13, is irrelevant, see Jordan v. United States, Nos. 3:12-CV-536-FDW, 3:04-CR-39-FDW-7, 2012 WL 4441793, at *2 (W.D.N.C. Sept. 25, 2012) (holding the petitioner's state drug conviction was a felony under Simmons although the petitioner had served only four months of a three year sentence and was paroled). Because petitioner was subject to a three-year term of imprisonment, he was a felon when he was arrested on federal charges in

1995. In the absence of a <u>Simmons</u> error, petitioner cannot satisfy the fourth prerequisite for coram nobis relief on his first claim.

As for petitioner's second claim for relief, the court does not consider it because it concerns the performance of counsel in his 2012 case. Such a ground for relief must be raised, if at all, in that case.

For the foregoing reasons, the court construes petitioner's § 2255 motion as a petition for error coram nobis. His first claim is DENIED WITH PREJUDICE, and his second claim is DENIED WITHOUT PREJUDICE.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

The Clerk is DIRECTED to enter judgment and close this case.

This 24 February 2022.

_____
W. Earl Britt
Senior U.S. District Judge